STEPHEN ZELLER, Bar No. 265664
Email address: szeller@deconsel.com
CASEY JENSEN, Bar No. 263593
Email address: cjensen@deconsel.com
members of DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

ATTORNEYS FOR PLAINTIFFS, CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH COAST CONCRETE, INC., a dissolved corporation; DANIEL JOSEPH HOWES, also known as DAN HOWES, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1. DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AS TO SOUTH COAST CONCRETE, INC., a dissolved corporation; and DANIEL JOSEPH HOWES, aka DAN HOWES, an individual shareholder;<br><br>2. INJUNCTIVE RELIEF AS TO SOUTH COAST CONCRETE, INC., a dissolved corporation; and DANIEL JOSEPH HOWES, aka DAN HOWES, an individual;<br><br>3. SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT AS TO SOUTH COAST CONCRETE, INC., a dissolved corporation; and DANIEL JOSEPH HOWES, aka DAN HOWES, an individual |

**JURISDICTION**

1. This is a civil action to recover fringe benefit contributions, alter ego, injunctive relief to compel proper reporting and payment of contributions owed and specific performance to conduct an audit. This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145.

## FIRST CLAIM FOR RELIEF
## (DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AS TO SOUTH COAST CONCRETE, INC., a dissolved corporation; and DANIEL JOSEPH HOWES, aka DAN HOWES, an individual shareholder; and DOES 1 THROUGH 10)
## PARTIES AND OTHERS

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when they have been ascertained.

6. At all relevant times, Southwest Carpenters Health and Welfare Trust,

Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times, the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8. At all relevant times, the Carpenters-Contractors Cooperation Committee ("CCCC"), was and is a non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

9. CSAC is the administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, and the Carpenters-Contractors Cooperation Committee (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11. Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of

America, are labor organizations that are a party to the collective bargaining agreements involved.

12. At all relevant times, employer, SOUTH COAST CONCRETE, INC., a dissolved corporation, and DOES 1 through 5, ("EMPLOYER") was and is a California corporation and contractor engaged in the construction industry within the jurisdiction of the relevant UNIONS.

13. SOUTH COAST CONCRETE, INC., was a California corporation and on June 28, 2018, a Certificate of Dissolution was filed with the Secretary of State. SOUTH COAST CONCRETE, INC., is now a dissolved corporation.

14. At all relevant times, the following individual was and is an officer of EMPLOYER, as follows: DANIEL JOSEPH HOWES, aka DAN HOWES, an individual, Responsible Managing Officer, Chief Executive Officer and President; and DOES 6 through 10, ("INDIVIDUAL SHAREHOLDER").

15. PLAINTIFFS are informed and believe that defendant INDIVIDUAL SHAREHOLDER was distributed corporate assets upon dissolution of the Employer that exceeds the amount being sought in this lawsuit and its individually liable pursuant to Cal. Corp. Code §2011(a)(1)(B).

## OPERATIVE ALLEGATIONS

16. On or about the date set forth thereon, EMPLOYER made, executed and delivered to the UNION, Carpenters Memorandum Agreement dated March 9, 2011 ("MEMORANDUM AGREEMENT"). A true and correct copy is attached hereto, marked respectively as Exhibit "1" and incorporated herein by reference.

17. The MEMORANDUM AGREEMENT binds EMPLOYER to the terms and conditions of the Master Labor Agreement between the United General Contractors Association, Inc. and the Southwest Regional Council of Carpenters and its affiliated Local Unions, United Brotherhood of Carpenters and Joiners of America, and the UNIONS, dated July 1, 2006, and any renewals or subsequent Master Labor Agreements, and the PLANS' agreements and any amendments,

modifications, extensions, supplementations or renewals of the PLANS' agreements (collectively referred to as "AGREEMENTS"). The PLANS are third party beneficiaries of the MEMORANDUM AGREEMENT and Master Labor Agreements.

18. The AGREEMENTS require EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all compensation paid to employees performing services covered by the AGREEMENTS.

19. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the County of Los Angeles.

20. In acknowledging both that the regular and prompt payment of employer contributions is essential to the maintenance of the PLANS, and the extreme difficulty, if not impracticability, of fixing the actual expense and damage to the PLANS when such monthly contributions are not paid when due, the AGREEMENTS provide that the amount of contractual damages to the PLANS resulting from a failure to pay contributions when due shall be presumed to be the sum of $30.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater. This amount shall become due and payable to the CSAC as liquidated damages in addition to the unpaid contributions or contributions paid late.

21. EMPLOYER engaged workers who performed services covered by the AGREEMENTS and who performed labor on works of construction within the

jurisdiction of the AGREEMENTS undertaken by EMPLOYER during the term of the AGREEMENTS.

22. EMPLOYER has failed to pay the fringe benefit contributions in the manner prescribed by the AGREEMENTS, and there is now due and owing the PLANS from EMPLOYER the amounts set forth in Exhibit "2".

23. The AGREEMENTS require EMPLOYER to pay for the expense of auditing EMPLOYER business records if an audit by the PLANS indicates that EMPLOYER failed to report and pay all contributions.

24. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for interest on the unpaid contributions from the first of the month following the date due, at the rate prescribed by the AGREEMENTS.

25. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated damages provided for under the AGREEMENTS.

26. It has been necessary for PLAINTIFFS to engage counsel to bring this action to recover the delinquent fringe benefit contributions. Pursuant to the AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this matter.

27. The PLANS have complied with all conditions precedent.

28. CSAC has, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

///

///

///

**SECOND CLAIM FOR RELIEF**

**(INJUNCTIVE RELIEF AS TO SOUTH COAST**

**CONCRETE, INC., a dissolved corporation; and**

**DANIEL JOSEPH HOWES, aka DAN HOWES,**

**an individual; and DOES 1 THROUGH 10)**

29. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 28 of their First Claim for Relief and allege for a Third Claim for Relief as to EMPLOYER and INDIVIDUAL SHAREHOLDER for injunctive relief.

30. ERISA section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan. . . ."

31. Additionally, section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

32. EMPLOYER and INDIVIDUAL SHAREHOLDER have submitted Employers Monthly Reports ("REPORTS") to the PLANS late and/or without full contributions for work performed during the period January 2017 through July 2017, November 2017 through March 2018.

33. EMPLOYER and INDIVIDUAL SHAREHOLDER have failed to submit REPORTS or remit contributions to the PLANS for the period of April 2018 through present, and may fail to furnish REPORTS or remit contributions to the PLANS for subsequent months.

34. As a result of EMPLOYER'S and INDIVIDUAL SHAREHOLDER'S failure to submit reports and/or pay contributions on the dates on which

contributions were due, EMPLOYER and INDIVIDUAL SHAREHOLDER may have become indebted to the PLANS for contributions, liquidated damages, and interest.

35. PLAINTIFFS timely notified EMPLOYER by letter of each delinquency and of the assessment of each delinquency, and repeatedly demanded payment of the delinquencies. To date, EMPLOYER has failed to pay the delinquencies owed to the PLANS.

36. EMPLOYER'S and INDIVIDUAL SHAREHOLDER'S failure to promptly pay delinquencies to the PLANS on the dates on which such contributions were due is a violation of the AGREEMENTS.

37. EMPLOYER'S and INDIVIDUAL SHAREHOLDER'S delinquencies to PLAINTIFFS have occurred from January 2017 and are continuing.

38. EMPLOYER and INDIVIDUAL SHAREHOLDER will continue to refuse to submit reports and/or fail to pay contributions to the PLANS and thereby create future unpaid delinquencies during the remaining terms of the AGREEMENTS. Unless EMPLOYER is enjoined from failing to make its contributions and restrained from incurring delinquencies, the PLANS will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the PLANS will be required to bring a multiplicity of actions at law to recover the missing reports and/or the delinquencies as they occur, to the PLANS' great expense and hardship. Further, unless EMPLOYER is so enjoined, based on experiences with other similarly situated employers, the PLANS have little prospect of ever collecting on the additional delinquencies incurred, as such employers frequently petition for bankruptcy, dissolve or otherwise cease doing business as a result of the financial difficulties involved in their delinquencies, and the PLANS are unable thereafter to collect delinquencies thus owing.

///
///

# THIRD CLAIM FOR RELIEF
## (SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT AS TO SOUTH COAST CONCRETE, INC., a dissolved corporation; and DANIEL JOSEPH HOWES, aka DAN HOWES, an individual; and DOES 1 THROUGH 10)

39. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 2 through 38 of its First and Second Claims for Relief and allege for a Third Claim for Relief as EMPLOYER and INDIVIDUAL SHAREHOLDER, for Specific Performance to conduct an audit.

40. This action for specific performance arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947 (LMRA") (29 U.S.C. §185A) and section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A §1132).

41. The AGREEMENTS require EMPLOYER and INDIVIDUAL SHAREHOLDER to permit the PLANS to audit and copy all EMPLOYER's and INDIVIDUAL SHAREHOLDER's records to determine whether the EMPLOYER and INDIVIDUAL SHAREHOLDER have made the appropriate contributions to the PLANS.

42. The AGREEMENTS provide that the PLANS have the specific authority to examine EMPLOYER's and INDIVIDUAL SHAREHOLDER'S job cost records, general check registers and check stubs, bank statements and canceled checks, general ledgers, cash disbursements ledgers, worker compensation insurance reports, financial statements, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, California quarterly state tax returns (DE-3's), health and welfare and pension reports for all other trades, cash receipts' journal, copies of all contracts and all material invoices.

43. The PLANS have required access to EMPLOYER's and INDIVIDUAL SHAREHOLDER's business records for the purpose of conducting an audit.

44. EMPLOYER and INDIVIDUAL SHAREHOLDER have failed and/or refuses to allow the PLANS to complete such an audit.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

**FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF**

**(DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AS TO SOUTH COAST CONCRETE, INC., a dissolved corporation; and DANIEL JOSEPH HOWES, aka DAN HOWES, an individual shareholder; AND DOES 1 THROUGH 10)**

1. For unpaid contributions in the sum of $12,312.73;
2. For interest and liquidated damages, as provided in the AGREEMENTS;
3. For audit costs;
4. For a statutory amount equal to the greater of the interest on unpaid contributions which were owing as of the time of the filing of the complaint herein (at the rate prescribed by law), or liquidated damages as provided in the AGREEMENTS, in an amount to be determined.

**FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF**

**(INJUNCTIVE RELIEF AS TO SOUTH COAST CONCRETE, INC., a dissolved corporation; and DANIEL JOSEPH HOWES, aka DAN HOWES, an individual; and DOES 1 THROUGH 10)**

1. For issuance of both preliminary and permanent injunctions restraining and enjoining EMPLOYER and INDIVIDUAL SHAREHOLDER, for so long as EMPLOYER and INDIVIDUAL SHAREHOLDER remain bound to make any payments or contributions to the PLANS, from failing to deliver or cause to be delivered to PLAINTIFFS, no later than the 25th day of the month:

  a. A complete, truthful, and accurate Employer's Monthly Report to Trustees covering all employees of EMPLOYER and INDIVIDUAL SHAREHOLDER employed during the previous month under the AGREEMENTS;

  b. A declaration from a responsible employee of EMPLOYER and INDIVIDUAL SHAREHOLDER attesting from his or her personal knowledge under pain and penalties of perjury to the completeness, truthfulness, and accuracy for the Monthly Report; and

  c. Check for the full amount owing on the Monthly Report.

2. For payment of the Employers Monthly Reports to Trustees for the months of April 2018 through present, and so long as EMPLOYER and INDIVIDUAL SHAREHOLDER remains bound to make any payments of contributions to the PLANS.

## FOR PLAINTIFFS' THIRD CLAIM FOR RELIEF
## (SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT AS
## TO SOUTH COAST CONCRETE, INC., a dissolved corporation;
## and DANIEL JOSEPH HOWES, aka DAN HOWES,
## an individual; and DOES 1 THROUGH 10)

1. That EMPLOYER and INDIVIDUAL SHAREHOLDER be compelled to forthwith submit to completion of an audit of EMPLOYER and INDIVIDUAL SHAREHOLDER's business records covering the period from November 1, 2014 through the present by the PLANS' auditors at the premises of EMPLOYER and INDIVIDUAL SHAREHOLDER during business hours, at a reasonable time or times, and to allow the auditors to examine and copy the following books, records, papers, documents and reports of EMPLOYER and INDIVIDUAL SHAREHOLDER: all job cost records, general check register and check stubs, bank statements and canceled checks, general ledgers, worker compensation insurance reports, financial statements, cash disbursements ledgers, corporate

income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, California quarterly state tax returns (DE-3's), health and welfare and pension report for all other trades, cash receipts' journal, copies of all contracts, and all material invoices;

**AS TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:**

1. For reasonable attorneys' fees;
2. For costs of this action;
3. For further contributions according to proof; and
4. For such other and further relief as the court deems proper.

Dated: March 8, 2019

DeCARLO & SHANLEY,
a Professional Corporation

By:_____
STEPHEN ZELLER
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION
and BOARD OF TRUSTEES FOR THE
CARPENTERS SOUTHWEST TRUSTS